UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **LEEVERN JOHNSON,**<br><br>             **Plaintiff,**<br><br>      v.<br><br>**UNITED STATES OF AMERICA,**<br>***et al.,***<br><br>             **Defendants.** | **Case No. 25–cv–13967–ESK–EAP**<br><br><br>**OPINION AND ORDER** |

**THIS MATTER** is before the Court on *pro se* plaintiff Leevern Johnson's civil rights complaint (Complaint) filed pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and the Federal Tort Claims Act, 28 U.S.C. § 1346 (Act). (ECF No. 1.) Because plaintiff has been granted *in forma pauperis* status, I must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). For the following reasons, I will allow the Complaint to proceed in part.

## BACKGROUND & PROCEDURAL HISTORY

1.     Plaintiff is a convicted and sentenced federal prisoner currently detained at FCI Fort Dix, New Jersey (Fort Dix).

2.     He filed an administrative complaint with the Federal Bureau of Prisons (Bureau) on or about June 30, 2024, alleging that he had suffered an injury to his right foot, right ankle, right shoulder, and left knee "which have been exacerbated and worsened due to neglected and delayed surgery; treatment, and follow-up care, coupled with deterioration due to the aging process." (ECF No. 1–3 p.1.) He alleged the Bureau was "negligent as it is aware of needed surgery and has delayed that treatment." (*Id.*) The Bureau rejected the claim on January 13, 2025. (*Id.* p. 7.)

3.     Plaintiff filed his Complaint on July 31, 2025. (ECF No. 1.) I granted plaintiff's *in forma pauperis* application on September 25, 2025. (ECF No. 6.)

## DISCUSSION

4.     The Prison Litigation Reform Act requires a district court to *sua sponte* screen a civil complaint filed by a prisoner proceeding *in forma pauperis* for cognizable claims and to dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from suit.   28 U.S.C. § 1915(e)(2).

5.     To survive a *sua sponte* screening for failure to state a claim, a complaint must allege "sufficient factual matter" to show that the plaintiff's claims are facially plausible.   *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).   "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"   *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n. 3 (3d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).   "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"   *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

6.     "The Court must accept all facts in the complaint as true, draw all reasonable inferences in the prisoner's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim."   *Durham v. Kelley*, 82 F.4th 217, 223 (3d Cir. 2023).   Moreover, "[c]omplaints filed *pro se* should be construed liberally and held to 'less stringent standards than formal pleadings drafted by lawyers.'"   *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

7.     The Act "operates as a limited waiver of the United States's sovereign immunity."   *White-Squire v. U.S. Postal Serv.*, 592 F.3d 453, 456 (3d Cir. 2010).   Under the Act, the United States is liable "in the same manner and to the same extent as a private individual under like circumstances."   28 U.S.C. § 2674.   "The Government is the only proper defendant in a case brought under the [Act]."   *CNA v. United States*, 535 F.3d 132, 138 n. 2 (3d Cir. 2008), *as amended* (Sept. 29, 2008).   Plaintiff's tort claim may proceed against the United States only.

8.     Plaintiff also seeks to bring *Bivens* and state tort claims against various medical providers in New Jersey, West Virginia, Tennessee, and Indiana, invoking this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).   (ECF No. 1 p. 3.)   "In order for subject matter jurisdiction to exist, there must be 'complete diversity, meaning that all plaintiffs in an action must be diverse from all defendants.'"   *Great Lakes Ins. SE v. Ross*, 652 F. Supp. 3d 472, 477 (D.N.J. 2023) (quoting *Wyndham Hotel Grp. Canada, ULC v. Ostrander*, No. 21–cv–16333, 2022 WL 16552817, at *2 (D.N.J. Oct. 31, 2022)).

9.    Plaintiff asserts that he is a resident of Tennessee, (ECF No 1. p. 3), and "a prisoner's prior state of residence, not his state of imprisonment, is his domicile … ." *Kissi v. Gillespie*, 348 F. App'x 704, 706 (3d Cir. 2009).    At least one other defendant is alleged to also be domiciled in Tennessee, (ECF No 1 p. 1), so there is no complete diversity among the parties.    Therefore, plaintiff must rely on this Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331 for subject matter jurisdiction.

10.    Plaintiff has failed to state *Bivens* claims or state tort claims against the individual defendants.    "To state a plausible *Bivens* claim 'a plaintiff must plead that each [g]overnment-official defendant, through the official's own individual actions, has violated the Constitution.'"    *Kalu v. Spaulding*, 113 F.4th 311, 341 (3d Cir. 2024) (alteration in original) (quoting *Iqbal*, 556 U.S. at 676).    Rule 8 "requires more than an unadorned, the-defendant-unlawfully-harmed-me accusation."    *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).    Conclusory allegations untethered to specific facts fall short of that standard.

11.    The Complaint makes allegations of medical negligence and deliberate indifference, stating that "defendants have inflicted harm and injury," but plaintiff has not provided any specific information about how *each* defendant was personally involved in the alleged violations.    (ECF No. 1 p. 10.)

12.    To the extent plaintiff seeks relief from Fort Dix's and FCI Hazelton's wardens, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*."    *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).    Plaintiff has neither pleaded facts that plausibly allege that the wardens established and maintained a policy, practice or custom which directly caused his injuries, nor that they participated in violating plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in their subordinates' violations.    *See A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004).

13.    Therefore, I will permit plaintiff's tort claim against the United States to proceed.    All other claims and defendants will be dismissed without prejudice.

Accordingly,

**IT IS** on this    **27th** day of **February 2026    ORDERED** that:

1.    The Federal Tort Claims Act claim against the United States may proceed.

2.      All other claims and defendants are dismissed from this action without prejudice.    28 U.S.C. § 1915(e)(2)(B)(ii).

3.      The Clerk shall provide plaintiff with a one copy of the USM–285 form for the Attorney General of the United States and one for the United States Attorney for the District of New Jersey.    Fed. R. Civ. P. 4(i).

4.      Plaintiff shall complete the forms and return them to the Clerk of the Court, Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Camden, NJ 08101.

5.      Upon plaintiff's sending of the completed forms to the Clerk, the Clerk shall issue summons, and the United States Marshal shall serve a copy of the Complaint, summons, and this opinion and order upon defendants pursuant to 28 U.S.C. § 1915(d), with all costs of service advanced by the United States.[1]

6.      Defendants shall file and serve responsive pleadings within the time specified by Federal Rule of Civil Procedure 12.

7.      Pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of *pro bono* counsel.

8.      If plaintiff seeks the appointment of *pro bono* counsel or other relief at any time before defendants file a notice of appearance, plaintiff shall (1) serve a copy of the application by regular mail upon each party at his or her last known address and (2) file a Certificate of Service.[2]    Fed. R. Civ. P. 5(a), (d).

---

[1] Alternatively, the U.S. Marshal may notify defendants that an action has been commenced and request that they waive personal service of a summons in accordance with Fed. R. Civ. P. 4(d).

[2] After an attorney files a notice of appearance on behalf of defendants, the attorney will automatically be electronically served all documents that are filed in the case.

9.     The Clerk shall send a copy of this opinion and order to plaintiff by regular mail.


_/s/ Edward S. Kiel_
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**